IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DASAN USA, INC.,

           Plaintiff,

v.

WEAPON ENHANCEMENT
SOLUTIONS LLC,

           Defendant.

1:16-cv-2566-WSD

**OPINION AND ORDER**

On July 15, 2016, Plaintiff Dasan USA, Inc. ("Plaintiff") filed its Complaint [1]. Having determined the Complaint failed to adequately allege diversity jurisdiction, on July 18, 2016, the Court entered an order [3] ("July 18th Order") requiring Plaintiff to file an amended complaint. On July 22, 2016, Plaintiff filed its Amended Complaint [4].

The Amended Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Am. Compl. ¶ 5). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible

stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  In this case, the Amended Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the suit is filed."  MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).  "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff."  King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).  A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings

L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ."  Id.

The Amended Complaint does not adequately allege the citizenship of Defendant Weapons Enhancement Solutions LLC ("Defendant").  The Amended Complaint alleges that "Defendant's single known member is Richard W. Palmer, a resident of Jacksonville, Florida."  (Am. Compl. ¶ 3).  As stated in the Court's July 18th Order, to show citizenship, "[r]esidence alone is not enough."  Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013).  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'"  Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).  The Amended Complaint does not allege the citizenship of Richard W. Palmer, and thus fails to allege Defendant's citizenship.[1]  Plaintiff also is obligated to identify each member of Defendant and each member's citizenship, not just the "known" members.

---

[1]  Exhibit B to the Amended Complaint [4.2] likewise fails to allege Mr. Palmer's citizenship, because it shows only his current mailing address.

Accordingly, the Court reluctantly allows Plaintiff to file a second amended complaint which properly alleges Defendant's citizenship. The Court notes that it is required to dismiss this action unless Plaintiff provides the required supplement alleging sufficient facts to show the Court's jurisdiction. See Travaglio, 735 F.3d at 1268-69 (district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establish jurisdiction). The Court will not allow any further opportunities for Plaintiff to properly allege jurisdiction.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff file, on or before August 3, 2016, a second amended complaint that provides the information required by this Order.

**SO ORDERED** this 26th day of July, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE